Judge LANSING,
dissenting.
I respectfully dissent. In my view, even if the district court committed error in the process it employed to rule upon Plaintiff Kafader’s motion for a new trial, any such error was harmless.
With respect to Kafader’s request for a new trial pursuant to I.R.C.P. 59(a)(5) based on a claim of inadequacy of the damages, it is true that the district court did not follow the procedure prescribed in Dinneen v. Finch, 100 Idaho 620, 625-26, 603 P.2d 575, 580-81 (1979), of first weighing the evidence to determine what the court would have awarded and then comparing it to the jury’s award. Nevertheless, the district court clearly answered the pertinent question-whether the jury’s award was “inadequate damages, appearing to have been given under the influence of passion or prejudice.” I.R.C.P. 59(a)(5). Appellate review requires that we examine the entirety of the district court’s memorandum decision. When one does so, it is apparent that the court did not merely defer to the jury’s implicit finding that Kafader’s cervical injury was not permanent. Rather, the-court examined the conflicting medical testimony on this issue and then concluded that the jury’s award was reasonable, supported by evidence, and not the product of jury passion or prejudice. The district court’s comments include the following:
The evidence concerning the duration of plaintiffs injuries was highly contested, and there was evidence upon which this jury could reasonably conclude that the cervical injury was not permanent.
When evidence of damage and the extent of injury are undisputed it is possible for this court to “weigh the evidence and then compare the jury’s award to what he would have given had there been no jury.” When the evidence of the duration of the injury is disputed, as it was here, and when there is substantial evidence to support a jury determination that plaintiff did not suffer a permanent injury as contended, as they apparently did, the court cannot say that the award in this case was given under the “influence of passion or prejudice.”
The court has weighed the evidence in this ease and concludes under the above analysis that the verdict was not so disparate with a reasonable view of the evidence as to suggest an award under the “influence of passion or prejudice.” An award of $15,000 general damages under the facts of this case is consistent with a verdict that this court sitting without a jury would have awarded, given the finding that the cervical injury was not permanent. The court cannot conclude that the jury’s award is based on “unjust behavior” [or] given under the “influence of passion or prejudice.”
These portions of the district court’s opinion make it clear that even if the court had strictly followed the procedure prescribed in Dinneen, and if the court had found Kafader’s cervical injury permanent and determined the amount of damages it would have awarded for such a permanent injury, the court still would not have granted Kafader’s motion for a new trial because the court would not have found that the jury’s implicit contrary finding was the product of passion or prejudice. Rather, the court plainly concluded that the jury’s determination was “reasonable,” based on substantial evidence, and not unjust. Therefore, no purpose will be served by remanding this to the district court to craft a new memorandum opinion in which the court must disclose what it would have awarded before arriving at the same result-that any disparity between what the court would have awarded and what the jury awarded was not indicative that the jury acted under the influence of passion or prejudice.
*679 With respect to the district court’s ruling on Kafader’s request for a new trial pursuant to I.R.C.P. 59(a)(6), the district court likewise provided a clear answer to the query required by the rule-whether there was insufficient evidence to justify the verdict. As noted by the majority opinion, “To grant a new trial, the court must apply a two-prong test: (1) the court must find that the verdict is against the clear weight of the evidence and that the ends of justice would be served by vacating the verdict; and (2) the court must conclude that a retrial would produce a different result.” Lanham v. Idaho Power Co., 130 Idaho 486, 498, 943 P.2d 912, 924 (1997); Heitz v. Carroll, 117 Idaho 373, 378, 788 P.2d 188, 193 (1990). The district court here straightforwardly addressed both of those prongs. It said:
As stated, the pivotal issue here is whether Plaintiff proved a permanent injury. Certainly, there is substantial evidence to support each side’s view of this case. Likewise there is sufficient evidence in the record to challenge the credibility and bias of the medical witnesses. Credible arguments can be and were made in support of the parties’ positions in this case. There is substantial evidence to support each argument. This Court cannot say that the jury’s verdict in this ease is against the clear weight of the evidence.
The Court also must consider whether a new trial would produce a different result. Here the Court cannot say that this jury acted unreasonably. Certainly, on the same evidence, a different jury could reach a different conclusion. But that is not the standard. The test is “whether a new trial would produce a different result.” This Court has tried a number of personal injury cases to a jury with facts similar to those involved her[e] with very similar results. Having weighed the evidence, this Court cannot say that a new Mai on this evidence would produce a different result.
The district court directly decided both prongs of the inquiry adversely to Kafader. The court did not merely defer to the jury’s finding regarding the permanency of Kafader’s injury, but performed the required assessment of whether the verdict was against the clear weight of the evidence and whether a new trial would produce a different result. I find no error in the district court’s analysis.
For the foregoing reasons, I would affirm the order of the district court denying Kafader’s motion for a new trial.